UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMMAD MASRI,<br>　　Plaintiff(s),<br>v.<br>BLUE MARTINI LAS VEGAS, LLC, et al.,<br>　　Defendant(s). | Case No. 2:25-cv-00278-APG-NJK<br>**Order**<br>[Docket No. 30] |

Discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Unless such stipulation interferes with court proceedings or deadlines, parties may agree among themselves to discovery procedures without obtaining judicial approval. Fed. R. Civ. P. 29(b). Permissible extra-judicial discovery agreements may extend to establishing procedures and protections regarding the exchange of confidential discovery material. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Penn. 2019) ("Notwithstanding the absence of judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials"); *David J. Frank Landscape Cont'g, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) ("The parties are free to enter agreements between themselves regarding how they will disseminate material produced in discovery").[1] When parties seek judicial approval of a discovery agreement that does not require judicial approval, judges act within their discretion to deny such request as unnecessary. *See, e.g.*, *Comminey v. Sam's W. Inc.*, 2020 WL 2764610, at *1 (D. Nev. May 27, 2020) (overruling objection).

---

[1] If designated discovery material is later filed with the Court, a proper showing must be made at that point to support any request for sealing or redaction. *See, e.g.*, *Ricoh*, 332 F.R.D. at 161.

On April 22, 2025, the Court denied without prejudice a stipulated protective order because no showing was made as to why judicial oversight was required. *See* Docket No. 25 (citing Fed. R. Civ. P. 29); *see also* Docket No. 24 (earlier stipulated protective order). The parties have now renewed that stipulated protective order. Docket No. 30. Although the refiled stipulation is much longer than the prior version, the Court continues to fail to discern from the submission why judicial oversight is required for the parties' agreement on designation of confidential discovery material. *See* Fed. R. Civ. P. 29.

Accordingly, the renewed stipulation (Docket No. 30) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 20, 2025

_____
Nancy J. Koppe
United States Magistrate Judge